UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GILBERT SPURLOCK, | ) | CASE NO. 1:07 CV 1118 |
| Plaintiff, | ) ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| DFAS-D-G-G/CL, | ) ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

On April 17, 2007, plaintiff pro se Gilbert L. Spurlock filed the above-captioned in forma pauperis complaint against the Defense Finance and Accounting Service (DFAS). Mr. Spurlock alleges the defendant violated his rights under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §601, when it allowed a "civilian contractor" to garnish his wages without a court order. He seeks damages totaling Seventy-Eight Thousand Six Hundred and Twenty-Seven Dollars and Twenty Cents ($78,627.20).

*Background*

By suggesting that he is a military employee, Mr. Spurlock maintains that DFAS

was not authorized to permit Bank of America to garnish his wages without a court order. There are no relevant facts leading up to this dispute which are detailed in the complaint. A review of the attachments (including a previous complaint he filed against the U.S. Army Corps of Engineers in 2002), however, provides sufficient information to indicate that this Court lacks jurisdiction over the matter.

The first attachment to the complaint is a letter, dated December 1, 2000, from Bank of America to Mr. Spurlock in response to his concern over a Five Hundred Nine Dollars and Seventy Cents ($509.70) charge from Ramada Inn. The letter indicates that the hotel provided Bank of America documentation showing that plaintiff stayed at the hotel from May 8, 2000 until June 28, 2000. Ramada allegedly charged Mr. Spurlock in four separate increments, totaling One Thousand Seven Hundred Twenty-Nine Dollars and Four Cents ($1,729.04).

In a subsequent attachment, Mr. Spurlock explained in a letter to Bank of America, dated May 1, 2001, that he checked in to a Ramada Inn in Hurricane, West Virginia on May 8, 2000 for a long-term stay.[1] The Inn billed his Visa card every other Monday or Tuesday and zeroed out the balance afer each billing. This resulted in a charge of Four Hundred Seventy-One Dollars and Seventy-Eight Cents ($471.78) on May 22, 2000 and Four Hundred Seventy-Five Dollars and Seventy-Two Cents ($475.72) on June 5, 2000. When he was charged Three Hundred Seventy-Three Dollars and Seventy-Eight Cents ($373.78) on June 15, 2000, he claims the Inn failed to 'zero out' his balance thereafter. As a result, he was charged Five Hundred Nine Dollars and Seventy Cents ($509.70) on June 20, an amount that included the Three Hundred Seventy-Three Dollars and Seventy-Eight Cents ($373.78) he was charged on June 15, 2000. He

---

[1] Mr. Spurlock was on temporary duty, or TDY, for the Department of Defense at the time.

2

claims he received a final charge on June 28, 2000 for Two Hundred Seventy-One Dollars and Eighty-Four Cents ($271.84). Although Mr. Spurlock claims that he was billed on Thursday, June 15 because that is the date he checked out, he states that the Inn continued to charge him because it claimed he left personal belongings in the room, a fact he disputes.

In the same May 2001 letter, Mr. Spurlock claims he contacted Ramada regarding the discrepancy and they "refunded the $373.78 charge. Subsequently, they charged me $509.70 and $271.84 for a total of $781.54. I feel I only owe $373.78 through 6/15/00. They have overcharged me $407.76." (Letter from Spurlock to Bank of America of 5/12/01, at 1.) Claiming that someone at Ramada Inn failed to post his departure on June 15, 2000, he requested that the company credit Four Hundred Seven Dollars and Seventy-Six Cents ($407.76) to his account.

Of the numerous attachments Mr. Spurlock furnishes in support of his contentions, the most relevant, a Reply Brief to a Summary Judgment, relates to the complaint he filed in the United States District Court for the Southern District of West Virginia. See Spurlock v. U.S. Army Corps. of Engineers, No. Civ.A.3:02-0404, 2004 WL 1293925 (S.D. W.V. Feb. 3, 2004). In the complaint Mr. Spurlock filed against the Army Corps of Engineers (the Corps), he sought reimbursement from the Corps for charges to his Bank of America credit card, which he believed were wrongly assessed by Ramada Inn after his departure following a work-related stay. The card was issued to him for payment of travel expenses when his work required him to stay in a hotel or motel. The Corps regularly reimbursed him for travel expenses charged to the card. The dispute arose when Ramada continued to charge the card for twelve days after Mr. Spurlock allegedly checked out. It was his position that the Corps should have paid these charges in addition to significant late fees he had accumulated in the interim. After exhausting his administrative

3

remedies through the Board of Contract Appeals, which concluded that the ongoing dispute was a private one between Mr. Spurlock and the hotel, he filed a complaint in West Virginia federal court under the Contract Disputes Act (CDA). The District Court found that it lacked jurisdiction over his claim under the CDA.

## *Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

## *Lack of Subject Matter Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990); and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Based on the claims alleged, this court lacks subject matter jurisdiction over Mr. Spurlock's complaint.

It is apparent that the relevant facts in the prior lawsuit are the same underlying facts

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

before the court in plaintiff's present complaint. The Court acknowledges that the issue before it now is whether the defendant was entitled to garnish Mr. Spurlock's wages as a result of this ongoing dispute. However, it still lacks subject matter jurisdiction under the CDA.

The Contract Disputes Act divests the federal district courts of jurisdiction over contractors' disputes with the government. S. Rep. No. 95-1118, at 33 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5235, 5267; McDonnell Douglas Corp. v. United States, 754 F.2d 365, 370 (Fed.Cir.1985). It is the Court of Appeals for the Federal Circuit which has exclusive jurisdiction over appeals from agency boards of contract appeals in CDA cases and from the Court of Federal Claims. 28 U.S.C. § 1295(3), (10). For these reasons, this court lacks jurisdiction over Mr. Spurlock's complaint.

Accordingly, plaintiff's Motion to Proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

DATE: 5/30/07

*/s/ Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

FILED
MAY 3 0 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5